09-4612-ag
Zheng v. BCIS

BIA
Balasquide, IJ
A093 412 730

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of January, two thousand twelve.

PRESENT:
>       JON O. NEWMAN,
>       JOSÉ A. CABRANES,
>       RAYMOND J. LOHIER, JR.,
>           *Circuit Judges.*

_____

JINQIN ZHENG
>       *Petitioner,*

>       v.                                      09-4612-ag
>                                               NAC
BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,
>       *Respondent.*

_____

FOR PETITIONER:           John Chang, New York, New York.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General; Emily Anne Radford,
                          Assistant Director; James A. Hunolt,
                          Senior Litigation Counsel, Office of
                          Immigration Litigation, United
                          States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jinqin Zheng, a native and citizen of the People's Republic of China, seeks review of an October 27, 2009, order of the BIA, affirming the May 24, 2007, decision of Immigration Judge ("IJ") Javier Balasquide, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jinqin Zheng*, No. A093 412 730 (B.I.A. Oct. 27, 2009), *aff'g* No. A093 412 730 (Immig. Ct. N.Y. City May 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "'for the sake of completeness.'" *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal citation omitted). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence.

In finding Zheng not credible, the agency reasonably relied on inconsistencies in her testimony. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Most importantly, the agency noted that a medical document Zheng submitted contradicted her testimony that she was forced to undergo an abortion, as it stated that Zheng was "requesting" an abortion for an "unwanted pregnancy." Although Zheng suggested that the "birth control bureau people" had written that the abortion was voluntary "to show that they did not force [her]," the agency was entitled to disregard this explanation, as it would not necessarily be compelling to a reasonable factfinder, especially given Zheng's initial statement that she was unaware that the document contained that information. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably found that Zheng's documentary evidence contradicted her testimony with respect to her allegation that she was twice required to use an intra-uterine device ("IUD") because a Family Planning Health Maintenance Certificate she submitted listed only the first alleged IUD insertion.  Again, the agency was not required to accept her attempt to explain that the certificate did not list her more recent IUD insertion because it was a "new book." *See id*.  In addition, the agency reasonably found that inconsistencies in Zheng's testimony as to whether she left her hiding place before December 2002 and whether she had seen a doctor in the United States further undermined her credibility.  *See Iouri v. Ashcroft*, 487 F.3d 76, 81-82 (2d Cir. 2007).

Contrary to Zheng's argument that the agency erred in relying on minor inconsistencies to find her not credible, under the REAL ID Act, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."  *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

4

We note that the record does not support the agency's inconsistency findings with respect to: (1) whether Zheng was five months or one month pregnant at the time of her alleged abortion; and (2) the fact that the out-patient record was issued before her abortion. In light of the totality of the record, however, these erroneous findings do not require remand as there is no realistic possibility that the agency would find Zheng not credible in their absence. *See Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 235 (2d Cir. 2008); *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005). Moreover, because the agency's non-erroneous inconsistency findings more than adequately supported its adverse credibility determination, we need not address the agency's further finding that Zheng's testimony was in part implausible. *See Xiu Xia Lin*, 534 F.3d at 167. Because the adverse credibility determination is supported by substantial evidence, the agency's denial of Zheng's application for asylum, withholding of removal, and CAT relief was not in error as all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006) (CAT).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk
```